

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-30-2003

# Davis v. Phila Water Dept

Precedential or Non-Precedential: Non-Precedential

Docket 01-4320

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Davis v. Phila Water Dept" (2003). *2003 Decisions.* Paper 841.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/841

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 01-4320

———

ANDREW DAVIS, II,

Appellant,

v.

CITY OF PHILADELPHIA WATER DEPARTMENT

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 00-cv-05671)
District Judge: The Honorable John R. Padova

———

Submitted under Third Circuit LAR 34.1(a)
January 16, 2003

Before: ROTH, FUENTES and ALDISERT, Circuit Judges.

(Filed: January 30, 2003)

———

OPINION OF THE COURT

———

ALDISERT, Circuit Judge.

In this appeal by Andrew Davis from summary judgment in favor of the City of

Philadelphia Water Department on his Title VII discrimination claim, we are required to

decide whether Davis established his prime facie case or alternatively sustained his burden of producing evidence that the City's non-discriminatory reasons for terminating his employment were pretextual under the paradigm of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

Davis' second ground for appeal alleges the district court disregarded this Court's decision in Roebuck v. Drexel Univ., 852 F.2d 715 (3d Cir. 1988) in failing to rule that the ultimate decision to terminate Davis was based on the discriminatory bias of Davis' supervisors.

Essentially for the reasons set forth by the district court, we affirm.

Because the parties are familiar with the facts and proceedings in the district court, we will address only the questions of law presented.

I.

The district court held that under the applicable burden-shifting paradigm of McDonnell Douglas, Davis did not establish a prima facie case of unlawful discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e because he had not set forth evidence that he was treated differently from his white co-workers for similar infractions. Alternatively, the court held that had he established such a case, summary judgment was still warranted because the city had offered a non-discriminatory reason for his terminating and that Davis had failed to offer evidence to meet his burden of demonstrating that the reasons were pretextual.

We conclude that the district court properly applied the burden-shifting paradigm to

2

the evidence presented.  Under McDonnell Douglas, the court concluded that Davis established: (1) he is an African American; (2) he was qualified for his job as a semi-skilled laborer; and (3) he had been terminated from that job by the Water Department.  He failed, however, to satisfy the requirement that some evidence be proffered that he was terminated because of his race.  The court found such evidence lacking, and we agree.  The court acknowledged that this prong could be met by evidence that Davis had been treated differently from white employees committing similar disciplinary actions, but we agree that he had not produced this evidence.

Where evidence of allegedly disparate treatment meted out to "similarly situated" employees outside of the protected class is relied upon, those individuals must "have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or their employer's treatment of them for it."  Anderson v. Haverford Coll., 868 F. Supp. 741, 745 (E.D. Pa. 1994).  We agree with the district court that none of the incidents relied upon by Davis involved the same conduct.  Davis was terminated for uttering racially charged obscenities at a supervisor and for making death threats against that supervisor and another.  The alleged comparators, in contrast, were disciplined for short-lived, non-racial flare-ups during disagreements with other non-supervisory employees.  The district court recognized that Davis previously had been disciplined by a 30-day suspension and warned at that time that further misconduct would result in termination.

The district court used a belt-and-suspenders technique here.  Continuing its

3

analysis, it indicated that had a prima facie case been established through the production of evidence of a non-discriminating reason, the burden of going forward with the evidence shifted back to Davis to raise evidence which might enable a reasonable jury to conclude the legitimate, non-discriminatory reason for termination was mere pretext. The evidence of pretext consists of the same comparatory evidence which failed to establish his prime facie case. We again agree with the district court.

## II.

For the first time on appeal, Davis raised an issue relying on the teachings of Roebuck v. Drexel, that the district court committed an error of law by failing to rule that the evidence relied on by the ultimate decision maker to conclude that he should be terminated was based on the discriminatory bias of his supervisors. Because he did not argue to the district court that Roebuck required such ruling, this argument is waived. United Steelworkers of Am., AFL-CIO v. N.J. Zinc Co., Inc. 828 F.2d 1001, 1008 (3d Cir. 1987).

\* \* \* \* \*

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary.

The judgment of the district court will be affirmed.

———

TO THE CLERK:

Please file the foregoing opinion.

4

_/s/ Ruggero J. Aldisert_
Circuit Judge